UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH MAGEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-8793** |
| **SHERIFF GUSMAN** | **SECTION "F"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual Background**

The plaintiff, Keith Magee ("Magee"), is an inmate housed in the Orleans Justice Center ("OJC").[1] He filed this *pro se* complaint under 42 U.S.C. § 1983 against the defendant, Orleans Parish Sheriff Marlin Gusman, alleging that the medical staff at OJC denied him ibuprofen prescribed to him before his incarceration for pain associated with a 2002 back injury and arthritis. Magee did not submit a filing fee or an application to proceed *in forma pauperis* with the complaint.

**II.   Standard of Review under Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is

---

[1] Rec. Doc. No. 1.

considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

Magee is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

**III.   Analysis**

As noted above, Magee did not submit the filing fee or request leave to proceed *in forma pauperis* with his complaint. On September 21, 2018, the Clerk of this Court sent Magee a deficiency notice advising him that he was required to either pay the filing fee or submit a certified pauper application.[2] The Clerk also provided the necessary form with the deficiency notice. The Clerk mailed the notice and form to Magee at the prison address he provided on the complaint. The envelope has not been returned as undeliverable. Magee did not reply to the notice.

---

[2]Rec. Doc. No. 2.

On November 9, 2018, the undersigned issued an Order requiring Magee to show cause on or before November 28, 2018, why his complaint should not be dismissed for failure to comply with the Clerk's deficiency notice, pay the fee, or submit the pauper application.[3]  The Order was mailed to Magee at his address of record, and the envelope has not been returned as undeliverable.  Magee has not replied to the Show Cause Order.

The notice of deficiency and the Court's Show Cause Order were mailed to Magee at the only address he provided.  All litigants are obligated to keep the court advised of any address change.  Local Rules 11.1 and 41.3.1.  Magee has not notified the Clerk's Office or the Court that he has been released from the facility or that his address has changed.  In addition, Magee still has not submitted the filing fee or pauper application required to prosecute his case.  Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV.   Recommendation

It is therefore **RECOMMENDED** that Magee's § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[3]Rec. Doc. No. 5.

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this  21st day of December, 2018.

                                                   **KAREN WELLS ROBY**
                            **UNITED STATES MAGISTRATE JUDGE**

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.